**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

**MANIKEY MBONGHKLOH**    **CIVIL ACTION NO. 26-806-P**

**VERSUS**         **JUDGE S. MAURICE HICKS, JR.**

**BRIAN ACUNA, ET AL.**    **MAGISTRATE JUDGE HORNSBY**

**MEMORANDUM ORDER**

Before the court is a Motion for Order to Show Cause (Doc. 3) filed on behalf of Manikey Mbonghkloh ("Petitioner").  Petitioner is an immigration detainee at the Richwood Correctional Center seeking release from detention.  According to the habeas petition (Doc. 1), Petitioner is a national and citizen of Cameroon who entered the United States on or about December 23, 2024, and was immediately taken into custody.  Petitioner did not receive a notice to appear until March 20, 2025.  On April 2, 2025, Petitioner filed an application for asylum, withholding of removal, and protection under the Convention Against Torture.  On May 20, 2025, an immigration judge denied Petitioner all forms of relief and ordered Petitioner removed to Cameroon.  Petitioner filed an appeal of the immigration court's decision.  Petitioner has been detained since arriving in the United States.

Petitioner argues that her continued detention is unlawful and contravenes 8 U.S.C. § 1231(a)(6) as interpreted by the U.S. Supreme Court in <u>Zadvydas</u>.  Petitioner argues that her ninety-day statutory removal period and six-month presumptively

reasonable period for continued removal efforts have both passed.  Petitioner argues that Respondents are apparently unable to remove her to a third country.  Petitioner argues that her continued detention violated her rights to substantive and procedural due process.

In this Motion to Show Cause (Doc. 3), Petitioner asks the court to order Respondents to respond to her habeas petition within three days or, alternatively, no more than 21 days, pursuant to 28 U.S.C. § 2243.

Section 2243 provides in relevant part:

A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

28 U.S.C. § 2243.  Generally, under §§ 2241 and 2243, a court may "adjust the scope of [a] writ in accordance with equitable and prudential considerations."  Danforth v. Minnesota, 552 U.S. 264, 278 (2008).  The court has discretionary authority to set deadlines under Rule 4 of the Rules Governing § 2254 cases which are applicable to petitions filed under § 2241.  See Maniar v. Warden Pine Prairie Corr. Ctr., 6:18-cv-00544, 2018 WL 4869383, (W.D. La. 2018)[1]; See also, Taylor v. Gusman, CV 20-449, 2020 WL 1848073 (E.D. La. 2020).

---

[1] Under Rule 1(b), the Rules Governing § 2254 Cases also apply to § 2241 habeas cases. See Hickey v. Adler, 2008 WL 3835764, (E.D. Cal. 2008); Castillo v. Pratt, 162 F.Supp.2d 575, 577 (N.D. Tex. 2001); Wyant v. Edwards, 952 F.Supp. 348 (S.D.W. Va. 1997).

Given this discretion under Rule 4, a court may "order [a] respondent to file an answer, motion, or other response within a fixed time, or . . . [may] take other action" in its discretion.  See Castillo v. Pratt, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001)(noting a court's discretion under Rule 4 "prevails" over the strict time limits of §2243).  Before requiring a response or holding a hearing, a court may allow a respondent time to conduct a reasonable investigation.  See Baker v. Middlebrooks, 2008 WL 938725 (N.D. Fla. 2008)(allowing 60 days to respond to a § 2241 habeas petition); Hickey v. Adler, 1:08-CV-826, 2008 WL 3835764 (E.D. Cal. 2008)(same).

Accordingly, **IT IS ORDERED** that Petitioner's Motion for Order to Show Cause within three days (Doc. 3) is **DENIED**.

However, because prompt briefing is warranted, **IT IS FURTHER ORDERED** that Respondents file an answer to the habeas petition (Doc. 1) within **21 days** of the date of this Order with summary judgment evidence indicating whether Petitioner's order of removal is final, whether there is a significant likelihood of removal in the reasonably foreseeable future, and whether Petitioner's detention is otherwise lawful.  This evidence shall include information regarding efforts made to obtain travel documents from any country.  Petitioner shall have **seven days** to reply.

**THE CLERK IS INSTRUCTED** to provide a copy of this Order to the Civil Chief in the United States Attorney's Office for the Western District of Louisiana and grant her access to the pleadings.

After the record is complete and delays have run, the court will determine if genuine issues of material fact exist, which preclude summary judgment and necessitate

an evidentiary hearing.  If no hearing is necessary, a Report and Recommendation will be issued without further notice.

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this the 31st day of March 2026.

Mark L. Hornsby
U.S. Magistrate Judge